United States District Court
Southern District of Texas
**ENTERED**
April 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CARDORA ROBERSON, TDCJ #02167695, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-1406 |
| BRANDLEY HUTCHINSON, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

State inmate Michael Cardora Roberson (TDCJ #02167695) has filed a civil rights complaint against several prison officials employed by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"), regarding two incidents that occurred at the Ferguson Unit. Roberson proceeds *pro se* and he has not paid the filing fee. Because he is an inmate who seeks leave to proceed *in forma pauperis*, the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

**I.     BACKGROUND**

Roberson is currently confined by TDCJ at the McConnell Unit in Bee County, Texas [Doc. # 1, at 2]. The defendants are all employed by TDCJ at the Ferguson Unit, which is in Madison County, including: Assistant Warden Brandley K. Hutchinson; Assistant Warden James E. Blake, Jr.; Lieutenant Jory Hawkins; Sergeant Antonio Lugo; Officer Tangy Clinton; Practice Manager Joe Morgan; Practitioner Wanda Isbell; Nurse Manager Virginia Lovell; Nurse Sandra Parker; and Nurse Carolyn Rosa [*Id*. at 2-3].

Roberson contends that, on June 6, 2019, Lieutenant Hawkins and Sergeant Lugo "sprayed" him while he was in his cell and threatened him with assault, *i.e.*, a strip search, which he refused [*Id*. at 4]. Roberson explains that the officers were attempting to relocate him to a different cellblock, which he resisted [*Id*. at 5]. As the officers were escorting him to his cell, they passed by the clinic, where Roberson asked Nurse Rosa for medical attention, but she reportedly refused [*Id*.]. After the incident occurred on June 6, 2019, Roberson contends that he was charged with two disciplinary infractions by Sergeant Lugo and Officer Clinton [*Id*. at 7].

Roberson alleges further that while he was in the recreation yard on June 8, 2019, he was assaulted by another inmate who punched Roberson in the head and face [*Id*. at 4, 6]. Roberson contends that when he was escorted to the clinic Nurse Parker merely wiped his bloody nose and did not provide him with an X-ray to

determine whether his nose was broken [*Id*. at 6].

Roberson contends that Assistant Wardens Hutchinson and Blake failed to protect him from harm on June 6, 2018 [*Id*. at 4-5]. Without providing any facts, Roberson also contends that Practice Manager Morgan, Practitioner Isbell, and Nurse Manager Lovell were generally responsible for the lack of adequate medical care from Nurse Rosa and Nurse Parker [*Id.* at 11-12]. Roberson seeks compensatory and punitive damages from the defendants as well as placement in protective custody [*Id.* at 13-14].

## II.    DISCUSSION

Court records reflect that the allegations raised by Roberson are nearly identical to those raised in a previous civil action in this district. *See Roberson v. Hutchinson, et al.*, Civil No. H-19-2965 (S.D. Tex.). Review of the complaint and amended complaint filed by Roberson in that case show that he has raised the same claims against the same defendants. The defendants have filed an answer and there is a pending motion to dismiss his complaint against the medical providers for failure to state a claim, among other defenses, including qualified immunity. Roberson has also attempted to appeal several adverse rulings by the district court, which may explain why he has now attempted to file a second lawsuit raising the same claims. In an attempt to circumvent the district court's rulings, Roberson filed the complaint in this case in the Western District of Texas, which transferred the case here.

This is not the first time that Roberson has filed a duplicative complaint in an effort to avoid rulings that he does not like. Court records show that Roberson recently filed another lawsuit against Practice Manager Joe Morgan and other prison officials at the Ferguson Unit in *Roberson v. Morgan, et al.*, Civil No. H-20-1325 (S.D. Tex.). The district court dismissed that case as malicious under 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint duplicated a previous lawsuit filed by Roberson involving the same claims in *Roberson v. State of Texas et al.*, Civil No. H-18-1524 (S.D. Tex.).

The Fifth Circuit has repeatedly held that a complaint is considered malicious for purposes 28 U.S.C. § 1915(e) if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1987) (per curiam) (observing that "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § [1915(e)(2)(B)] as malicious") (citations omitted); *Willis v. Bates*, 78 F. App'x 929, 929 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit."). Because the plaintiff has made the same or similar claims previously, the Court concludes that the pending complaint is subject to dismissal as duplicative, abusive, and malicious. *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be

dismissed *sua sponte*).

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Michael Cardora Roberson is **DISMISSED** with prejudice as malicious.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. Officials with the TDCJ Inmate Trust Fund shall deduct the filing fee for indigent litigants ($350.00) from Roberson's inmate trust account and forward this amount to the Clerk of Court in periodic installments as required by 28 U.S.C. § 1915(b).

The Clerk's Office will provide a copy of this order to the plaintiff.  **The Clerk will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159;  (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on April 28, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

5